A UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Korea Electric Terminal Co., LTD, | File No. 22-cv-100 (ECT/TNL) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Phillips & Temro Industries, Inc., | |
| Defendant. | |

Hoil Lee, Lee Law, PLLC, Southfield, MI; and Steven C. Opheim, Dudley and Smith, PA, Mendota Heights, MN, for Plaintiff Korea Electric Terminal Co., LTD.

Steven R. Kinsella, Fredrikson & Byron, PA, Minneapolis, MN; and Lee Begleman and Terry M. Henry, Blank Rome LLP, Philadelphia, PA, for Defendant Phillips & Temro Industries, Inc.

Plaintiff Korea Electric Terminal Co. is a South Korea-based supplier of automobile parts. Am. Compl. ¶ 1 [ECF No. 4]. In this lawsuit, Korea Electric claims that Defendant Phillips & Temro Industries, Inc., failed to pay for parts Korea Electric shipped to Phillips & Temro that were to be used in the manufacture of Tesla automobiles.

The parties did not memorialize the terms of their agreement with written contracts. Rather, according to Korea Electric's allegations, Phillips & Temro issued purchase orders to Korea Electric, who then issued invoices when it shipped the parts to Phillips & Temro. *Id.* ¶ 8. Korea Electric alleges that Phillips & Temro has failed to pay those invoices.

Attached to the Amended Complaint are two exhibits. The first is an affidavit of Minjay Sauh, whose role with Korea Electric is not explained, attesting that Phillips &

Temro owes Korea Electric more than $89,000. Am. Compl. Ex. 1. The second exhibit consists of several emails between Terri Branson at Phillips & Temro and Choi Kyung Woo at Korea Electric, discussing past-due charges, as well as Korea Electric's invoices and packing lists to support those charges. Am. Compl. Ex. 2. The last email is dated October 14, 2014, and the last invoice is dated August 20, 2014. *Id.*

And thus the issue: the statute of limitations for commercial and contract-based claims is, at the longest, six years. Korea Electric filed this lawsuit in January 2022, well more than six years after it knew that Phillips & Temro had failed to pay for parts Korea Electric delivered. Phillips & Temro moves to dismiss on this basis. Relying on exhibits filed in support of its motion to amend the complaint for the second time, Korea Electric contends that the statute of limitations did not begin to run until 2017. But the Magistrate Judge denied Korea Electric permission to amend [ECF No. 48], a decision Korea Electric did not appeal. The exhibits are therefore not part of the record on this motion.

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). "Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Enervations, Inc. v. Minn. Min. & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (quotations omitted). The complaint's factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

2

(citation omitted).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Korea Electric does not dispute the relevant statutes of limitations[1] or that under Minnesota law, the limitations period begins to run when the cause of action accrues, not when it is discovered.  *See Frederick v. Wallerich*, 907 N.W.2d 167, 173 (Minn. 2018). Korea Electric's opposition to Phillips & Temro's motion relies almost solely on the allegations in and exhibits to its proposed Second Amended Complaint.  But the Second Amended Complaint is not the operative pleading; the Amended Complaint is.  The motion must be decided based on the allegations in that pleading, not allegations in an amendment that was not allowed.

The Amended Complaint raises two claims: account stated and promissory estoppel. Under Minnesota law, an account-stated claim arising out of the breach of a promise to pay for goods the breaching party ordered and received is subject to the UCC's four-year statute of limitations.  *Trebelhorn v. Agrawal*, 905 N.W.2d 237, 244 (Minn. Ct. App. 2017) (citing Minn. Stat. § 336.2-725(1)).  A claim for promissory estoppel in the commercial context is subject to a six-year statute of limitations.  *Simonson v. Ameriquest Mortg. Co.*, No. 06-

---

[1]   Phillips & Temro discusses Minnesota, North Dakota, and Michigan law, noting that all three potentially relevant jurisdictions apply the same six-year statute of limitations for contractual claims.  ECF No. 20 at 5–6.  Korea Electric relies on Minnesota law, apparently conceding that Minnesota law applies to the parties' dispute.  *E.g.*, ECF No. 38 at 7.

cv-2943 (ADM/AJB), 2006 WL 3463000, at * 5 (D. Minn. Nov. 30, 2006); *see also* Minn. Stat. § 541.05, subd. 1(1) (providing six-year limitations period for actions based on "a contract or other obligation, express or implied . . .").

Korea Electric argues first that Phillips & Temro's October 14, 2014 email—stating that it would not pay Korea Electric because of "Tesla quality issues"—constituted an anticipatory breach under the Uniform Commercial Code. As an anticipatory breach, according to Korea Electric's theory, the statute of limitations was not triggered. Korea Electric argues that Phillips & Temro did not finally refuse to pay Korea Electric's invoices until March 2017, so the statute of limitations did not begin to run until then.

Even accepting this theory, Korea Electric's account-stated claim remains untimely under the UCC's four-year limitations period. More importantly, though, is that these anticipatory-breach allegations do not appear in the Amended Complaint. There is no mention of correspondence between the parties after October 2014. Based on the allegations as pleaded, Korea Electric's claims are untimely.

Korea Electric next contends that equitable tolling should toll the running of the statute of limitations because Korea Electric had no control over the relationship between Phillips & Temro and Tesla. But Korea Electric acknowledges that equitable tolling requires an "extraordinary circumstance" that prevented timely filing of a claim. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). A dispute between commercial parties regarding payment, even parties over which Korea Electric had no control, is not an extraordinary circumstance that would justify the application of the "rarely invoke[d]" doctrine of equitable tolling. *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th

Cir. 2006); *see also Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989) (noting that equitable tolling is reserved for circumstances "truly beyond the control of the plaintiff"). Although Korea Electric certainly did not control whether Tesla paid Phillips & Temro, there is no indication in the pleadings or documents attached thereto that Phillips & Temro's obligation to pay Korea Electric depended on Tesla paying Phillips & Temro. Whether to file suit for Phillips & Temro's nonpayment thus did not depend on when or if Tesla paid Phillips & Temro but was wholly within Korea Electric's control. Korea Electric's failure to bring this lawsuit in a timely manner cannot be excused by application of equitable tolling.

Korea Electric also argues that its promissory estoppel claim survives because it arises from a promise separate from the parties' written agreements, namely Phillips & Temro's promise to pay Korea Electric once the dispute with Tesla was resolved. Again, however, this allegation is not contained in the Amended Complaint, nor is it found in the documents attached to that pleading. To the extent that the October 14, 2014, email could be construed as making such a promise, Korea Electric filed this lawsuit more than six years after that email, and any promissory estoppel claim arising out of that email is time-barred.

The allegations in the Amended Complaint and the materials attached to that pleading, taken as true, establish that Korea Electric's claims are barred by the applicable statutes of limitations.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Defendant's Motion to Dismiss [ECF No. 18] is **GRANTED**.

2. The Amended Complaint [ECF No. 4] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 2, 2022　　　　　　　　s/ Eric C. Tostrud
　　　　　　　　　　　　　　　　　　Eric C. Tostrud
　　　　　　　　　　　　　　　　　　United States District Court